United States District Court
Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AF HOLDINGS LLC,<br><br>     Plaintiff,<br><br>v.<br><br>STEVEN PECADESO,<br><br>     Defendant. | Case No. 3:12-cv-02404-SC (JSC)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR SERVICE BY PUBLICATION** |

Plaintiff AF Holdings LLC ("Plaintiff") filed an *ex parte* motion to serve the summons and complaint on Defendant Steven Pecadeso ("Defendant") by publication. The motion was subsequently referred to the undersigned. The Court hereby DENIES Plaintiff's Motion for Service by Publication.

**DISCUSSION**

Plaintiff seeks permission to serve the Defendant by publication rather than by other means such as personal service. Under Federal Rule of Civil Procedure 4(e), service upon an individual defendant may be effected in any judicial district of the United States pursuant to the law of the state

in which the district court is located or in which service is effected. *See* Fed. R. Civ. P. 4(e)(1).

Service by publication is permissible under California law in certain circumstances:

> (a) A summons may be served by publication if upon affidavit it appears to the satisfaction of the court in which the action is pending that the party to be served cannot with reasonable diligence be served in another manner specified in this article and that …
>
> (1) A cause of action exists against the party upon whom service is to be made or he or she is necessary or proper party to the action.

Cal. Code Civ. Proc. § 415.50(a). The main question for the Court, therefore, is whether Defendant "cannot with reasonable diligence be served in another manner" pursuant to California law. *Id.*

In determining whether a plaintiff has exercised "reasonable diligence" for purposes of § 415.50(a), a court must examine the affidavit required by the statute to determine whether the plaintiff "took those steps a reasonable person who truly desired to give notice would have taken under the circumstances." *Donel, Inc. v. Badalian*, 87 Cal. App. 3d 327, 333 (1978). "The term 'reasonable diligence' . . . denotes a thorough systematic investigation and inquiry conducted in good faith by the party or his agent or attorney." *Watts v. Crawford*, 10 Cal. 4th 743, 749 n.5 (1995). Because of due process concerns, service by publication must be allowed "only as a last resort." *Donel*, 87 Cal. App. 3d at 332. The chosen method must be "reasonably certain to inform those affected . . . or, where conditions do not reasonably permit such notice, that the form chosen is not substantially less likely to bring home notice than other of the feasible and customary substitutes." *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 315 (1950). "Before allowing a plaintiff to resort to service by publication, the courts necessarily require him to show exhaustive attempts to locate the defendant, for it is generally recognized that service by publication rarely results in actual notice." *Watts*, 10 Cal. 4th at 749 (internal citations omitted). That a plaintiff has taken one or a few reasonable steps does not necessarily mean that "all myriad of other avenues" have been properly exhausted to warrant service by publication. *Donel*, 87 Cal. App. 3d at 333.

Here, Plaintiff has submitted an "Affidavit of Reasonable Diligence" from Faheem Moore ("Moore"), the server in charge of service to Defendant, explaining his efforts to serve the summons on Defendant. (Dkt. No. 18, Ex. B.) Plaintiff has also provided a declaration from Sirh-Ryun Stella Wi Dugas ("Dugas"), one of Plaintiff's attorneys, that describes the efforts taken to effectuate service on Defendant. (Dkt. No. 18, Decl. of Sirh-Ryun Stella Wi Dugas ("Dugas Decl.").)

Dugas' declaration states that she hired S&R Services, a private process server in San Bruno, California, on November 5, 2012 to serve summons on Defendant at the residence located at 33020 Falcon Drive, Freemont California, 94555. (Dkt. No. 18, Dugas Decl. ¶ 3.) Plaintiff obtained the address through a subpoena return from Comcast Cable Communications, *id,* although Plaintiff does not identify when the address was obtained. According to his Affidavit of Reasonable Diligence, Moore attempted personal service on Defendant on six occasions but was unable to effect service on Defendant. (Dkt. No. 18, Ex. B.) Moore reported that on the first attempt, on November 8, 2012, there was no answer and that the house was quiet and dark inside. (*Id.* at 1.) On the second attempt, made on November 11, 2012, there was no answer but Moore could hear "TV noise inside." *Id.* He continued to knock but received no response. *Id.* On each of the next four attempts made from November 12 through November 20, 2012, Moore reported that the house was quiet inside and nobody answered. (*Id.* at 1-2.) A truck with license plate number 4J93157 was present on each attempt and on November 17, 2012, a Ford Mustang with license plate number 5XKT828 was present, too, although the affidavit does not state what is meant by "present." (*Id.*) Moore's Affidavit indicates that on November 21, 2012, Tiffany Jensen, another employee of S&R Services, attempted to serve Defendant.[1] (*Id.* at 2.) "Returned Not Served" is listed for November 26, 2012. (*Id.*)

---

[1] The entry reads "PER CLIENT CANCEL & RETURN. Attempt made by: Tiffany Jensen" followed by the address as with the other entries.

3

Plaintiff's showing is insufficient to support service by publication. Although Plaintiff has demonstrated that he has taken several reasonable steps to effect service on Defendant, Plaintiff has failed to show that he "took those steps a reasonable person who truly desired to give notice would have taken under the circumstances." *Donel*, 87 Cal. App. 3d at 333. Plaintiff has failed to confirm that Defendant even lives at the address at which service was attempted; nothing in the record establishes when the subpoena to Comcast was returned. And nothing was apparently done to confirm that Defendant actually lived at the address that was on the subpoena in November 2012. For example, Plaintiff did not search any Bay Area city or telephone directories for Defendant's name. *See Watts*, 10 Cal. 4th at 749, n.5 (noting that "likely sources of information" that "must be searched before resorting to service by publication" include relatives, city and telephone directories, voter registries, and so forth).

Moreover, Plaintiff has not demonstrated that Defendant "cannot with reasonable diligence be served in another manner specified in [Chapter 4, Article 3 of the California Code of Civil Procedure]," Cal. Code Civ. Proc. § 415.50(a)—for example, substitute service, *see id.* § 415.20, or service by mail, *see id.* § 415.30. Service by mail, in particular, should have been attempted since there was never any confirmation that Defendant did not in fact live at the address where service was attempted. *See Duarte v. Freeland,* 2008 WL 683427 (N.D. Cal. March 7, 2008). And if Defendant no longer lived at that address, then potentially a forwarding address could have been obtained. *Id.*

## CONCLUSION

For the foregoing reasons, the Court DENIES Plaintiff's Motion for Service by Publication. Plaintiff may file objections to this Order under Federal Rule of Civil Procedure 72(a) within 14 days of the filing of this Order.

IT IS SO ORDERED.

Dated: January 30, 2013

                                            _____
JACQUELINE SCOTT CORLEY
UNITED STATES MAGISTRATE JUDGE